IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARRON TILLISON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 21-700-LPS |
| | : Superior Court of the State of Delaware |
| MICHAEL ADKINS, et al., | : in and for New Castle County |
| | : C.A. No. N21C-03-00020 EMD |
| Defendants. | : |

Darron Tillison, Newark, Delaware. Pro Se Plaintiff.

Kenneth Lee-Kay Wan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Michael Adkins and Mark Papili.

**MEMORANDUM OPINION**

March 28, 2022
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I.   INTRODUCTION

Plaintiff Darron Tillison, who proceeds *pro se*, filed this case in the Superior Court of the State of Delaware in and for New Castle County on March 4, 2021.  (D.I. 1-1 at 2)  The case was removed to this Court on May 14, 2021.  (D.I. 1)  Before the Court is Defendants' motion to dismiss and Plaintiff's opposition to removal.  (D.I. 3, 4)

## II.   BACKGROUND

The Complaint alleges an unlawful traffic stop on October 18, 2018 following by abduction, kidnaping, unlawful detention, and arrest, in violation of the Fourth Amendment to the United States Constitution and the Delaware Constitution.  (D.I. 1-1 at 2-13)  Defendants move to dismiss on the grounds that the claims are time-barred.  (D.I. 3)

## III.   LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint.  *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted).  Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief."  *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of*

*Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

Plaintiff alleges that State actors violated his constitutional rights. Hence, his claims arise under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (when bringing § 1983 claim, plaintiff must allege that some person has deprived him of federal right, and that person who caused deprivation acted under color of state law). The matter was properly removed to this Court.

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

Plaintiff complains of acts that occurred on October 18, 2018, yet he did not file his Complaint until March 4, 2021, some five months after expiration of the two-year limitations period. At first blush, it appears that Plaintiff's complaint is time-barred. Defendants, however, do not address whether the statute of limitations was tolled during the pendency of *Tillison v. Delaware*, Civ. No. 19-229-LPS, filed in this Court on February 4, 2019. The complaint in that matter is based upon the October 18, 2018 occurrence and was timely filed. It was screened and Plaintiff was given leave to amend on or before June 30, 2020. (*See* Civ. No. 19-229-LPS D.I. 6) On June 30, 2020, Plaintiff filed a motion to stipulate, construed as motion to voluntarily dismiss the case. (*Id.* D.I. 7, 8) The case was dismissed on February 12, 2021 and Plaintiff filed the instant case in the Superior Court on March 4, 2021. No party has addressed the issue of tolling; it is not clear if equitable tolling applies or if the matter is time-barred. Therefore, the motion to dismiss will be denied without prejudice to renew.

### V.  CONCLUSION

For the above reasons, the Court will deny without prejudice Defendants' motion to dismiss. (D.I. 3)

An appropriate Order will be entered.