IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARRON TILLISON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 21-700-GBW |
| MICHAEL ADKINS, et al., | : |
| Defendants. | : |

Darron Tillison, Newark, Delaware, Pro Se Plaintiff.

Kenneth Lee-Kay Wan and Nicolas D. Picollelli, Jr., Delaware Department of Justice, Wilmington, Delaware.  Counsel for Defendants.

**MEMORANDUM OPINION**

September 28, 2023
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

**I.  INTRODUCTION**

Plaintiff Darron Tillison, who proceeds *pro se*, filed this case in the Superior Court of the State of Delaware for New Castle County, and Defendants removed it to this Court.  Before the Court is Defendants' amended motion to dismiss (D.I. 8), and Plaintiff's motion for leave to amend his complaint (D.I. 13).

**II.  BACKGROUND**

The Complaint alleges an unlawful traffic stop on October 18, 2018, followed by abduction, kidnaping, unlawful detention, and arrest in violation of the Fourth Amendment to the United States Constitution and the Delaware Constitution.  (D.I. 1-1 at 2-13).  Plaintiff filed his Complaint in state court on March 4, 2021.  (*Id.* at 2).  Following removal to this Court, Defendants initially moved to dismiss on the grounds that the claims were time-barred by applicable two-year statute of limitations, as the Complaint was filed approximately five months after the October 2020 expiration of the limitation period.  (D.I. 3).  The Court denied the motion, without prejudice, because Defendants had not addressed whether the statute of limitations was tolled during the pendency of *Tillison v. Delaware*, Civ. No. 19-229-LPS ("*Tillison I*"), filed in this Court on February 4, 2019.

1

The complaint in *Tillison I* was based upon the same October 18, 2018 occurrence, and was timely filed. The *Tillison I* complaint was screened and Plaintiff's claims were dismissed for failure to state a claim and based on the immunity of some defendants. *Id.*, D.I. 5. Plaintiff was given leave to file an amended complaint against the non-immune defendants on or before June 30, 2020. *Id.*, D.I. 6. He was advised that the case would be closed if he failed to timely file an amended complaint. *Id.*

On June 30, 2020, Plaintiff filed a motion to stipulate in *Tillison I*, which the Court construed as motion to voluntarily dismiss the case. *Id.*, D.I. 7, 8. In the motion to stipulate, Plaintiff challenged the Court's conclusion that he had failed to state a claim, particularly in so much as the Court applied the federal pleading standard as announced by the United States Supreme Court to his Fourth Amendment claims, as opposed to his interpretation of a purported lesser standard applied in Delaware state court. He stated his intention to "forego with the instant complaint in lieu of filing a more appropriate claim on the State level in the New Castle County Superior Court." *Id.*, D.I. 7 at ¶¶ 7-8.

*Tillison I* was dismissed on February 12, 2021 and Plaintiff filed the instant case in the Superior Court on March 4, 2021. (D.I. 1-1 at 2). The case was removed to this Court on May 14, 2021. (D.I. 1).

2

Defendants have filed an amended motion to dismiss, arguing that no theory of tolling applies and, therefore, the Complaint must be dismissed as time-barred. Plaintiff has filed a response, Defendant has filed a reply, and Plaintiff has filed a sur-reply.[1]

## III. LEGAL STANDARD

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required

---

[1] The court will grant Plaintiff's motion for leave to file a sur-reply. (D.I. 12).

3

to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV. DISCUSSION

In their amended motion to dismiss, Defendants again argue that Plaintiff's claims are time-barred by the statute of limitations, and now argue that no theory of tolling should be applied. For purposes of the statute of limitations, 42 U.S.C. § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248

(D. Del. 1996). Absent the application of tolling, it is undisputed that the Complaint is time-barred; it was filed on March 21, 2021, approximately five months after the statute of limitations expired in October 2020.

The Court agrees with Defendants that tolling does not apply. For federal procedural purposes, the filing of the Complaint in *Tillison I*, which was later voluntarily dismissed, did not toll the statute of limitations. *Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 77 (3d Cir. 1983) ("It is a well recognized principle that a statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice. As regards the statute of limitations, the original complaint is treated as if it never existed.") (citing *Butler v. Sinn*, 423 F.2d 1116 (3d Cir. 1970) (per curiam)); *see also* 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2367 (4th ed. 2022) ("[I]t seems well settled in the case law that the statute of limitations is not tolled by bringing an action that later is dismissed voluntarily under Rule 41(a)." (citations omitted)).

Furthermore, as thoroughly explained by Defendants in their motion, under Delaware law, none of the relevant tolling statutes or doctrines would apply tolling in this situation. *See, e.g.*, 10 Del. C. §§ 1902, 8118(a); *Graleski v. ILC Dover*, 2011 WL 3074710, at *4 (Del. July 26, 2011); *Laugelle v. Bell Helicopter Textron, Inc.*, 2014 WL 2699880, at *6-7 (Del. Super. June 11, 2014); *Winner Acceptance*

*Corp. v. Return on Capital Corp.*, 2008 WL 5352063, at *15 (Del. Ch. Dec. 23, 2008).

The bottom line is this: Plaintiff timely filed a federal complaint in *Tillison I* raising his constitutional claims. His claims were screened and dismissed for failure to state a claim. Rather than avail himself of the opportunity he was given to file an amended complaint, Plaintiff, by his own admission, opted to dismiss the case so that he could forum shop to try his luck in the Delaware state court. When Plaintiff filed his constitutional claims in that forum, they were properly removed to this Court. Nothing about this sequence of events supports a theory of tolling, equitable or otherwise. *Cf. Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000) ("Equitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum."). Accordingly, Plaintiff's claims are now time-barred and must be dismissed.

Plaintiff's proposed amended complaint does nothing to remedy the untimeliness of his claims and, therefore, his motion to amend will be denied as futile. *See Butterline v. Bank of N.Y. Mellon Trust Co., Nat'l Ass'n*, 841 F. App'x 461, 463-64 (3d Cir. 2020) ("Although '[m]otions to amend under Rule 15 are

typically granted liberally,' a court may deny leave to amend when the amendment would be futile.") (alteration original) (quoting *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 210 (3d Cir. 2019)).

## V. CONCLUSION

For the above reasons, the Court will: (1) grant Plaintiff's motion to file a sur-reply; (2) grant Defendants' amended motion to dismiss; (3) and deny as futile Plaintiff's motion to amend.

The Court will issue an Order consistent with this Memorandum Opinion.